IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-542-FL

| | |
|---|---|
| CURTIS DEWAYNE MOORE and PATRICIA GRANT MOORE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ORDER ) |
| DENISE M. FRAZIER, L. FRANCIS CISSNA, ELAINE DUKE, JEFF SESSIONS, | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court on defendants' motion to dismiss for lack of jurisdiction and failure to state a claim (DE 34). The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the following reasons, defendants' motion is granted.

## STATEMENT OF THE CASE

Plaintiffs commenced this action on October 25, 2017, asserting defendants arbitrarily, capriciously, and unlawfully denied plaintiff Curtis Moore's Form I-130 spousal immigrant visa petition for his wife of 11 years, plaintiff Patricia Grant-Moore, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.. Specifically, plaintiffs argue that amendments to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154 enacted by the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"), PL 109–248, § 402, 120 Stat. 587 do not apply to plaintiff Curtis Moore's petition. Plaintiffs seek a declaratory judgment that plaintiff Moore is entitled to approval of the I-130 petition he filed for plaintiff Grant-Moore as an immediate relative of a United States citizen, as well as reasonable attorneys fees and costs. In support of their

complaint, plaintiffs attach the decision denying plaintiffs' petition for an adjustment of status. (DE 1-1).

Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendants argue judicial review is foreclosed in this case by statute, and in the alternative that plaintiffs' petition is subject to the restrictions imposed by the AWA. In response, plaintiffs argue that whether the AWA is applicable to plaintiffs' petition is a "predicate legal question" for which judicial review is not foreclosed. Plaintiffs also argue that their pending petition is subject only to the law in effect when it was filed, rather than the amended law in effect at the time plaintiff Moore's petition was adjudicated.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff Curtis Moore ("Moore") is a native born citizen of the United States. (Compl. ¶ 7). He married plaintiff Patricia Grant-Moore ("Grant-Moore"), a citizen of Jamaica, on February 2, 2006. (Id. ¶ 8). Plaintiff Moore filed a Form I-130 spousal petition pursuant to section 201(b) of the Immigration and Nationality Act, seeking to classify plaintiff Grant-Moore as an immediate relative. (Id. ¶ 9). The I-30 petition was filed on May 29, 2006. (Id. ¶¶ 9, 15).

On December 28, 2008, the U.S. Citizenship & Immigration Services ("USCIS") denied plaintiff Moore's petition. (Id. ¶ 15). The basis for the denial was that -- subsequent to the filing of the petition -- Congress passed the AWA, which amended certain parts of the INA such that US citizens were prohibited from filing I-130 petitions if they had certain convictions for specified offenses against minors. (Id.).

On January 27, 2009, plaintiff Moore timely filed with USCIS a Motion to Reopen and Reconsider, asserting that the AWA did not apply to any petitions properly filed before the law was passed. (Id. ¶ 16). On May 14, 2009, USCIS issued a second denial of the I-130 and the Motion to Reopen and Reconsider, claiming that the agency had made a determination that the AWA applied to all cases pending on the date the AWA was signed into law. (Id. ¶ 17). On June 3, 2009, plaintiff Moore appealed the USCIS denial to the Board of Immigration Appeals ("BIA"). (Id. ¶ 18). The BIA remanded the case to USCIS for further consideration on October 23, 2009. (Id. ¶ 21).

Following its October 23, 2009 remand, according to plaintiffs, the BIA reviewed and remanded subsequent decisions by the USCIS to deny plaintiff Moore's petition several times, without deciding if the AWA applied to the petition or not. (See id. ¶¶ 22-30). Finally, on August 24, 2017, the BIA took the case "on certification to address all issues raised" per 8 C.F.R. § 1003.1(c). (Id. ¶ 32). The BIA supported the USCIS denial and dismissed the plaintiff Moore's appeal on the ground that the AWA made plaintiff Moore not qualified to sponsor plaintiff Grant-Moore. (Id.; DE 1-1).

## COURT'S DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of

3

a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

    B.      Analysis

Defendants argue that the court lacks subject matter jurisdiction over the administrative decision of USCIS. The APA "applies, according to the provisions thereof, except to the extent that ... statutes preclude judicial review; or agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The INA contains a statutory restriction on judicial review, stating "no court shall have jurisdiction to review ... any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ...." 8 U.S.C. § 1252(a)(2)(B)(ii); see Lee v. U.S. Citizenship & Immigration Servs., 592 F.3d 612, 619 (4th Cir. 2010) ("'[R]egardless of whether the judgment, decision, or action is made in removal proceedings' makes clear that the jurisdictional limitations imposed by § 1252(a)(2)(B) also apply to review of agency decisions made outside of the removal context."). Furthermore, "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Id. § 1252(a)(2)(D). The statute then describes how to file a petition for review of an order of removal.

4

Id. § 1252(b).

The Fourth Circuit has held § 1252(a)(2)(D) provides "a limitation on the broad jurisdiction stripping provisions under § 1252(a)(2)(B), ... and more importantly, serves as the exclusive means of judicial review of a legal issue related to the denial of an adjustment of status." Roland v. United States Citizenship & Immigration Servs., 850 F.3d 625, 630 (4th Cir. 2017) (citing Lee, 592 F.3d at 620) (internal quotations omitted). "Unlike subsection (B), § 1252(a)(2)(D), by its express terms, applies only in the context of removal proceedings." Lee, 592 F.3d at 620. To "the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of an adjustment of status, it intended for it to be raised to the court of appeals during removal proceedings." Roland, 850 F.3d at 630 (internal citation omitted).

The INA as amended by the AWA states that "a citizen of the United States who has been convicted of a specified offense against a minor" may not petition to change the status of an immediate relative "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition" is filed. 8 U.S.C. § 1154(a)(1)(A)(viii). In exercising this discretion to adjudicate plaintiff Moore's pending petition, defendants trigger the jurisdiction stripping provision under 8 U.S.C. § 1252(a)(2)(B)(ii).

Plaintiffs do not assert that plaintiff Moore was not convicted of an offense to which the AWA applies, but instead assert a legal challenge to defendants' exercise of discretion, arguing that the amendments providing such discretion do not apply to then pending petitions. Plaintiffs do not allege that removal proceedings have been instituted against plaintiff Grant-Moore, nor do they seek relief from a removal proceeding. See id. § 1252(a)(2)(D). Because Congress intended for

5

plaintiffs to raise legal challenges to the denial of an adjustment of status in "the court of appeals during removal proceedings," Roland, 850 F.3d at 630, the court lacks subject matter jurisdiction over the dispute.

Plaintiffs argue that "[w]hether the Adam Walsh Act applies to already filed petitions is a [] predicate legal question." (DE 36 at 3–4) (citing Gebhart v. Nielsen, 879 F.3d 980, 985 (9th Cir. 2018); Bremer v. Johnson, 834 F.3d 925, 928–29 (8th Cir. 2016)). In Gebhart, the court held the jurisdictional bar in the INA does not apply to cases seeking judicial review of denials of petitions filed before the AWA took effect because the "answer turns entirely on Congress' intent ... [and] the issue is whether [p]laintiff's case falls within [the Secretary's] discretion at all." Gebhart, 879 F.3d at 985. On this basis, the Gebhart court concluded that "[w]hether the Adam Walsh Act applies to already-filed petitions is a [] predicate legal question" to the court's finding subject matter jurisdiction. Id.

While Gebhart addresses the issue presently before the court, its analysis is unpersuasive because it departs from the statutory scheme laid out in the INA and Fourth Circuit cases applying the same. Congress intended to reserve "review of constitutional claims or questions of law" for petitions challenging decisions of removal, based on procedures carefully prescribed in the INA. See 8 U.S.C. § 1252(a)(2)(D). Nowhere does the INA distinguish facial legal and constitutional challenges to the Secretary's discretion from other decisions. See id.

Moreover, plaintiffs do not cite any controlling Fourth Circuit case law, nor is the court aware of any, which adopts the predicate legal question doctrine as propounded by Gebhart. Where the Fourth Circuit has addressed the effect of the jurisdiction stripping provisions contained in the INA as applied to the AWA amendments, it has concluded that judicial review of "the denial of an

6

application for adjustment of status" is foreclosed except when challenging a removal action. Roland, 850 F.3d at 630 (quoting Lee, 592 F.3d at 619). Although the Roland court considered a petition filed after the AWA amended the INA, this case also involves the denial of an adjustment of status, and the reasoning of Roland and Lee remains applicable to the instant case. A facial legal challenge to the Secretary's discretion in a case such as the one at bar is not exceptional, and it may only be raised in the future if plaintiff Grant-Moore eventually becomes subject to a removal proceeding. See id. Consequently, plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 34) is GRANTED for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of November, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge